UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF KEVIN IVIE, by his
Personal Representative, TOYIA KELLY,   Case No. 15-13239

    Plaintiff,   Honorable Nancy G. Edmunds

v.

DETROIT POLICE OFFICER BRADLEY
CLARK, an individual, DETROIT POLICE
OFFICER MELISSA ADAMS, an
individual, and CITY OF DETROIT, a
Municipal Corporation,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING REQUEST FOR SANCTIONS [16]**

Plaintiff, on behalf of her deceased son, filed suit against the City of Detroit and two of its police officers alleging violations of the United States Constitution and 42 U.S.C. § 1983.[1] This matter comes before the Court on Defendants' motion to dismiss Plaintiff's complaint and request for sanctions. For the reasons stated herein, the motion to dismiss is GRANTED and the request for sanctions is DENIED.

**I.    Facts**

As alleged in the complaint, Defendant police officers shot and killed Plaintiff's son on September 16, 2010. (Dkt. 1, at ¶ 5.) On February 7, 2011, Plaintiff was appointed personal representative of her son's estate. (Dkt 19-1.) In July 2013, the City of Detroit filed for bankruptcy, triggering an automatic stay on all creditors' claims against the city. (Dkt.

---

[1]Plaintiff's state law claims were dismissed on September 25, 2015. (Dkt. 5.)

19, at 7.) On February 20, 2014, Plaintiff made a creditors' claim against the city in the bankruptcy proceeding. (Dkt. 19-3.) According to Plaintiff, the parties met in April 2014 to discuss voluntary resolution of Plaintiff's claim, and Defendants made an offer to resolve the claim in June 2014. (Dkt. 19, at 7.) On December 12, 2014, Plaintiff's counsel received notice that the bankruptcy stay had been lifted. (Dkt. 16-4.) In March 2015, Defendants included Plaintiff's claim (along with hundreds of others) in their motion to approve amounts for certain disputed or unliquidated, unsecured claims in the bankruptcy proceeding. (Dkt. 19-5, at 51.) According to Plaintiff, this was an attempt by Defendant to "continue[] to try to resolve the claim" with Plaintiff. (Dkt. 19, at 7.) Apparently having reached no resolution, Plaintiff filed a complaint with this Court on September 14, 2015. (Dkt. 1.) Defendants contend Plaintiff's claims are barred by the statute of limitations and seeks dismissal on this basis.

**II.  Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the Court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Defendants alternatively move for judgment pursuant to Rule 56; however, because

the Court does not rely on materials that may not be considered on a Rule 12(b)(6) motion, Defendants' motion is considered under Rule 12(b)(6).[2]

## III. Analysis

Defendants argue Plaintiff failed to timely file suit. Plaintiff does not contest that her § 1983 claims were filed after the expiration of the statute of limitations, but rather, requests that the Court apply the doctrine of equitable estoppel and permit her suit to go forward. The Court first considers whether Plaintiff's claims were timely, then turns to the question of equitable estoppel.

### A. Statute of Limitations

It is well established that the statute of limitations for § 1983 claims in Michigan is three years. *See, e.g.*, *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005). The events giving rise to the claims here occurred on September 16, 2010. (Dkt. 1, at ¶ 5.) As such, the statute of limitations would have expired on September 16, 2013.[3] Two months before the expiration of the limitations period, however, the City of Detroit filed for bankruptcy. (Dkt. 19, at 7.) At this time, Plaintiff had not yet filed suit. As discussed, upon filing for bankruptcy, an automatic stay for all proceedings on creditors' claims was put into place. (*Id.*) After making a creditor's claim in the bankruptcy proceeding and meeting with Defendants about voluntary resolution of the claim, Plaintiff's counsel received notice on December 12, 2014 that the stay had been lifted. (Dkt. 16-4.)

---

[2] Documents filed in bankruptcy and probate court are matters of public record and are properly considered when deciding a Rule 12(b)(6) motion. *See Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

[3] As noted by Defendant, application of M.C.L. § 600.5852(1) would not extend the limitations period beyond September 16, 2013. (Dkt. 16, at 8-9.)

3

Under Section 108(c) of the bankruptcy code, if a statute of limitations for commencing or continuing a civil action against the debtor expires during the bankruptcy stay, the statute of limitations period is extended for 30 days after notice of the termination or expiration of the stay. 11 U.S.C. § 108(c). Because the statute of limitations on Plaintiff's claims expired during the stay, Plaintiff had thirty days after notice that the stay was lifted to bring suit. The limitations period therefore extended to January 11, 2015. Because Plaintiff did not file suit until September 14, 2015—over eight months after expiration of the limitations period—Plaintiff's claims are time-barred. The Court thus turns to Plaintiff's equitable estoppel argument.

### B. Equitable Estoppel

Plaintiff argues the Court should allow Plaintiff's time-barred claims to proceed under the doctrine of equitable estoppel. The doctrine of equitable estoppel is "a judicially-fashioned exception to the general rule which provides that statutes of limitation run without interruption." *Lothian v. City of Detroit*, 414 Mich. 160, 176 (1982). That is, a limitations period may be tolled "if a defendant actively prevents the plaintiff from timely filing his or her claims." *Cunningham v. Interlake S.S. Co.*, 567 F.3d 758, 760 (6th Cir. 2009). As Plaintiff acknowledges, to invoke the equitable doctrine she must establish that (1) Defendant's acts or representations induced Plaintiff to believe that the limitations period clause would not be enforced, (2) Plaintiff justifiably relied on this belief, and (3) she was prejudiced as a result of her reliance on her belief that the clause would not be enforced. *See McDonald v. Farm Bureau Ins. Co.*, 480 Mich. 191, 204-05 (2008). Michigan courts, however, are reluctant to recognize estoppel "in the absence of conduct clearly designed

4

to induce the plaintiff to refrain from bringing action within the period fixed by statute." *Lothian*, 414 Mich. at 177 (internal quotation omitted).

In support of her argument that the Court should apply equitable estoppel, Plaintiff first argues Defendants would not be prejudiced by allowing the claims to proceed because they were put "on notice of the prospective claim" as early as February 2011, when they received Plaintiff's FOIA request. (Dkt. 19, at 11.) But lack of prejudice to Defendants is not an element that Plaintiff must establish in order for equitable estoppel to apply.

The remainder of Plaintiff's reasoning relates to the parties' attempts to settle the matter. Plaintiff states she "believed that [these] attempts to resolve kept the claim open." (*Id.* at 12.) Specifically, Plaintiff contends that because the parties engaged in voluntary attempts to resolve the claims, "Plaintiff believed that they were going to resolve the claim without having to file suit." (*Id.*) This, however, is insufficient to warrant equitable estoppel. *See Lothian*, 414 Mich. at 177. Merely engaging in settlement discussions does not rise to the level of actively preventing Plaintiff from timely filing suit, or otherwise inducing her not to do so. *See, e.g.*, *Romatz v. St. John Health Sys., Inc.*, No. 258771, 2006 WL 3498410, at *2 (Mich. App. Dec. 5, 2006) (rejecting claim that defendants were estopped from asserting statute of limitations defense on ground that they "failed to give notice of their intent not to settle ... in time to permit plaintiff to file suit"); *Accardi v. Tewell*, No. 90 Civ. 5419 (JMC), 1992 WL 122771, at *3 (S.D.N.Y. May 27, 1992) ("It is well established that merely engaging in settlement negotiations either before or after the statute of limitations period has run does not estop a defendant from asserting the statute of limitations defense.").

5

Moreover, the Court is not persuaded that the inclusion of Plaintiff's claim in the March 2015 bankruptcy matter motion was an attempt by Defendants to "continue[] to try to resolve the claim" after the statute of limitations had expired. The inclusion of the claim (in a list of hundreds of unresolved or disputed claims) does not rise to the level of "inducing" Plaintiff to believe that the limitations period would not be enforced. Nor would such reliance by Plaintiff be reasonable or justifiable. Plaintiff does not argue that Defendants promised to settle if Plaintiff refrained from bringing suit or otherwise made statements designed to induce Plaintiff to refrain from bringing a timely suit. That Plaintiff "waited to file suit" because "she believed Defendant[s] [were] trying to resolve the claims with Plaintiff" is not enough, particularly where Plaintiff was represented by counsel at all relevant times.

Plaintiff's arguments do not set forth the type of circumstances which would warrant equitable estoppel. Because Plaintiff's claims are time-barred, the Court finds the Complaint fails to state a claim and dismissal is therefore appropriate.

**C. Sanctions**

Finally, Defendant requests the Court impose Rule 11 sanctions on Plaintiff. The decision to impose sanctions rests within the discretion of the district court. *See, e.g.*, *Mich. Division-Monument Builders of N. Am. v. Mich. Cemetary Ass'n*, 524 F.3d 726, 739 (6th Cir. 2008). Even if the request had been properly made,[4] the Court does not agree that Plaintiff's refusal to dismiss this matter rises to the level of bad faith, as Defendant argues.

---

[4] Rule 11 requires a motion for sanctions to be made separately from any other motion. Fed. R. Civ. P. 11(c)(2). Here, the request was not made separately, but rather, as part of Defendants' motion to dismiss. (Dkt. 16.)

6

(Dkt. 16, at 10.) Because the Court is not convinced that sanctions are warranted, the Court exercises its discretion and denies Defendants' request for sanctions.

## IV.  Conclusion

For the above-stated reasons, Defendants' motion to dismiss is GRANTED and Defendants' request for sanctions is DENIED.

SO ORDERED.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  February 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 29, 2016, by electronic and/or ordinary mail.

        S/Johnetta Curry-Williams
        Case Manager